**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| OLD MILL, LLC; HIGH SEAS PROPERTIES, INC.; SALT GRASS INVESTMENTS, LLC; NELLE PROPERTIES, LLC; CROSBY RENTAL PROPERITES, LLC; LATITUDE 33 INVESTMANTS, LLC; JRC ROAD PROPERTIES, LLC; C LEVEL INVESTMENTS, LLC; AND LABAN CHAPPELL AND RYAN CONDON, *individually*. | ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 2:19-cv-2128-DCN |
| vs. | ) ) | **ORDER** |
| AMERICAN RESOURCES INSURANCE COMPANY, INC.; WESTLEY RHOTEN; BLAIR R. MONROE; EASY COIN LAUNDRY, INC., d/b/a WASH WORLD; YESTERNIGHT DISTILLERY, LLC, f/k/a MOONLIGHT DISTILLERY, LLC, f/k/a TWISTED SHINE DISTILLERY, LLC, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the court on defendant American Resources Insurance

Company, Inc.'s ("American Resources") motion for relief from judgment or order, ECF

No. 24.[1]  For the reasons discussed below, the court denies the motion.

_____

[1] American Resources labels its motion as a motion "pursuant to Rule 59 and/or Rule 60." The court finds Fed. R. Civ. P. 59 inapplicable because the case has not gone to trial and the court has not rendered final judgment. Therefore, the court considers the motion as one for relief from judgment or order under Fed. R. Civ. P. 60.

# I.  BACKGROUND

Plaintiffs brought this action on May 28, 2019 in the Charleston County Court of Common Pleas, seeking a declaratory judgment and alleging bad faith and breach of contract arising out of American Resources's failure to defend them in underlying lawsuits borne out of the thousand-year flood that struck South Carolina's midlands in 2015.  ECF No. 1-1.  Plaintiffs brought suit against their insurer, American Resources.  Strangely, plaintiffs also named as defendants in this action the plaintiffs in the underlying suits on which their claims against American Resources are based.

On July 29, 2019, American Resources removed the matter to this court.  ECF No. 1.  Two days later, American Resources filed a motion to realign, asking the court to realign the parties such that all the named defendants that are plaintiffs in the underlying lawsuits would be realigned as plaintiffs in this suit, leaving American Resources as the sole defendant.  ECF No. 4.  If the court granted its motion to realign, American Resources argued, removal would be appropriate based on diversity jurisdiction under 28 U.S.C. § 1332.  The parties consented, and the court granted the motion on August 30, 2019.  ECF No. 11.

On September 4, 2019, after the court realigned the parties, plaintiff Wesley Rhoten ("Rhoten") filed a motion to remand the matter to state court, arguing that the court lacked jurisdiction on two grounds:  first, the claims lacked complete diversity of citizenship as required by 28 U.S.C. § 1332, and second, all the defendants failed to properly consent to removal as required by 28 U.S.C. § 1446(b)(2)(A).  ECF No. 14.  American Resources failed to respond to the motion to remand within 14 days, as required by Local Civ. Rule 7.02 (D.S.C.).  Therefore, on September 24, the court

granted Rhoten's motion and remanded the matter to state court. ECF No. 21. The same day, American Resources filed the instant motion for relief from the court's order remanding the case to state court (the "Remand Order"). ECF No. 24.

## II. DISCUSSION

American Resources argues that the court should reconsider its Remand Order and alter it to retain jurisdiction over the case. Remand was inappropriate, it argues, because the realignment of the parties cured any jurisdictional defects that would have necessitated remand. However, American Resources fails to show that the court has jurisdiction over the matter after remanding it to state court. Because federal law proscribes reconsideration of a motion to remand under these circumstances, the court is without jurisdiction to reconsider its Remand Order and must deny the motion.

28 U.S.C. § 1447(c) states:

> An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise.

The Fourth Circuit has stated that an order of remand divests a district court with all jurisdiction and precludes it from entertaining any further proceedings of any character. Three J Farms, Inc. v. Alton Box Bd. Co., 609 F.2d 112, 115 (4th Cir. 1979). "The prohibition against further consideration of [a] remand order is found in the plain language of 28 U.S.C. § 1447(d), which commands that an order 'remanding a case to the State court from which it was removed is not reviewable on appeal Or otherwise . . . ." (emphasis in original). Id.

The Supreme Court recognized this limitation as it applies to appellate court jurisdiction in Gravitt v. Southwestern Bell Tel. Co., 430 U.S. 723 (1977) (holding that a

3

court of appeals does not have jurisdiction to consider an appeal from an order to remand where that order is based on the district court's lack of jurisdiction).  Following the logic of that case, the Fourth Circuit found that "[28 U.S.C. § 1447(d)] not only forecloses appellate review, but also bars reconsideration of such an order by the district court." Three J Farms, Inc. v. Alton Box Bd. Co., 609 F.2d at 115 (4th Cir. 1979).

The court granted Rhoten's motion after American Resources failed to respond within 14 days of its filing, as required by Local Civ. Rule 7.02 (D.S.C.), and remanded the matter to state court on jurisdictional grounds.  Now, American Resources asks the court to amend that Remand Order and retain jurisdiction over the lawsuit.  American Resources has not provided the court with any reason for its failure to respond to the motion to remand.  Instead, it merely argues that remand was inappropriate.  Moreover, American Resources has failed to demonstrate that the court has jurisdiction to modify the Remand Order.  Applying the above law, it is clear that the court is without jurisdiction to reconsider or amend its Remand Order.

The right to remove a case from state to federal court is not inherent or constitutional but derives solely from 28 U.S.C. § 1441 and is expressly constrained by subsequent sections of the U.S. Code.  Because removal jurisdiction raises significant federalism concerns, the court strictly construes it in favor of state court retention. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).  It is clear that a defendant may divest the court of removal jurisdiction through its own actions.  By failing to respond to the motion to remand, American Resources has done just that.  Thus, the court denies American Resource's motion.

### III.   CONCLUSION

For the foregoing reasons the court **DENIES** the motion for relief from judgment

or order.

**AND IT IS SO ORDERED.**

_____

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**November 19, 2019**
**Charleston, South Carolina**